IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MICHAEL COPUS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 7:07-CV-0113-R |
| v. | § | ECF |
| | § | |
| LIFE INSURANCE COMPANY OF | § | |
| NORTH AMERICA and JAMES | § | |
| CONSTRUCTION GROUP, LLC GROUP | § | |
| LIFE AND HOSPITALIZATION PLAN | § | |
| NO. 501, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before this Court is a motion to dismiss (doc. # 24) filed by the defendants Life Insurance Company of North America ("LINA") and James Construction Group, LLC ("James Construction") Group Life and Hospitalization Plan No. 501 ( "Defendants"). For the reasons stated herein, the motion is GRANTED.

## I.

This is an action brought by the plaintiff, Michael Copus ("Plaintiff"), under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* Plaintiff seeks unpaid benefits under 29 U.S.C. § 1132(a)(1)(B) and seeks injunctive relief under 29 U.S.C. § 1132(a)(3) for LINA's alleged breach of fiduciary duties.

LINA issued Group Policy No.: LK-9602632 to James Construction, effective January 1, 2005. James Construction established a plan wherein long term disability benefits are paid to qualified employees of James Construction through Group Policy No.: LK-9602632. The plan provided long term disability benefits coverage and waiver to all employees in active employment

with James Construction. Plaintiff was employed by James Construction as a Superintendent II from approximately January 16, 2001 until approximately June 10, 2005. Plaintiff alleges that he suffers from a number of medical conditions that precludes him from performing the duties of his regular occupation as defined in the long term disability insurance policy. Plaintiff was paid short term disability through December 18, 2005. However, on February 7, 2006, LINA denied Plaintiff's application for long term disability. Plaintiff appealed the denial, but on June 6, 2007 LINA denied Plaintiff's appeal. Plaintiff subsequently filed this action on July 11, 2007.

**II.**

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicts Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). When considering motions to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (Sanders, J.) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). *See also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Accordingly, for the purposes of our review of the judgment of dismissal, we accept as true that the bonds were redeemed without premium for the purpose of refunding the bonds at an interest rate lower than 0.07 percent. We do not, however, accept

Associated Builders' conclusory allegation that the prospectus was materially misleading. Conclusory allegations and unwarranted deductions of fact are not admitted as true . . . .").

**III.**

The Defendants contend that Plaintiff's breach of fiduciary duty claim should be dismissed because Plaintiff's claim for disability benefits provides Plaintiff with an adequate remedy. Defs.' Br. at 4. "In Varity[,] the Supreme Court observed that an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under 29 U.S.C. § 1132." *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510-16 (1996); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998)). *See also Metro. Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002) ("It is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed.") (citing *Tolson*, 141 F.3d at 610; *Constantine v. Am. Airlines Pension Plan*, 162 F. Supp. 2d 552, 557 (N.D. Tex. 2001)).

Plaintiff contends that the Defendants "premise their motion on an incorrect analysis of Plaintiff's Amended Complaint." Pl.'s Resp. at 1-2. Plaintiff states that he is "not requesting past due benefits under his 29 U.S.C. § 1132(a)(3) claim, but rather an injunction and other appropriate relief that will benefit Plaintiff and other claimants." *Id*. at 13. In this action, Plaintiff has asserted a claim for benefits under section 1132(a)(1)(B). Pl.'s Am. Compl. at ¶ 35. Therefore, Plaintiff cannot simultaneously maintain a claim for breach of fiduciary duty under section 1132(a)(3). *See Barrack v. UNUM Am. Life Ins.* Co., 409 F. Supp. 2d 782, 787-88 (N.D. Tex. 2006) (Sanders, J.) ("An ERISA plan beneficiary may not, however, sue for breach of fiduciary duty under [] section

3

[1132(a)(3)] if he or she has a cause of action under section 1132(a)(1)(B) for benefits denied.") (citing *Tolson*, 141 F.3d at 610). Therefore, it is inconsequential that Plaintiff is seeking relief other than past due benefits under section 1132(a)(3). *See Tolson*, 141 F.3d at 610 ("Tolson's efforts to justify assertion of breach of a fiduciary duty claim against the Plans by distinguishing such a claim from his claims for coverage and benefits claims are woefully unavailing. . . . Because Tolson has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate."). Hence, Plaintiff has failed to state a claim upon which relief may be granted with respect to his claim for breach of fiduciary duty under section 1132(a)(3).

Plaintiff asks this Court to grant leave to amend his amended complaint in the event this Court finds that Plaintiff failed to state a cause of action for breach of fiduciary duty under section 1132(a)(3). Pl.'s Resp. at 16. As mentioned above, because Plaintiff has a claim for relief under section 1132(a)(1)(B), allowing relief through section 1132(a)(3) is not appropriate. Therefore, to the extent that Plaintiff asks this Court to grant leave so that he can amend his section 1132(a)(3) claim, the request is denied because it would be futile. *See Barrack*, 409 F. Supp. 2d at 788 ("Plaintiff has a cause of action for wrongful denial of benefits under Section 1132(a)(1)(B). She cannot therefore as a matter of law bring a concurrent claim, even in the alternative, for breach of fiduciary duty. [] Her proposed amendment would be futile, and the request for leave to amend the complaint is consequently DENIED."); *Wimm v. Jack Eckerd Corp.* 3 F.3d 137, 139 (5th Cir. 1993) ("In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as . . . futility of amendment.") (citations omitted); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1993) ("[T]he amendment sought was futile. The plaintiff was

4

not prejudiced by the denial of the motion, because the plaintiff could not have defeated the defendant's motion . . . on the basis of the amended complaint, if allowed."). However, if Plaintiff seeks leave to amend his complaint for reasons other than to amend his section 1132(a)(3) claim, Plaintiff shall file a motion requesting the leave and setting forth the basis for the request.

**IV.**

For the reasons stated above, Defendants' motion to dismiss is granted and Plaintiff's claim for breach of fiduciary duty brought pursuant to section 1132(a)(3) is dismissed.

SO ORDERED. This 26th day of February, 2008.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE