IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MICHAEL COPUS, | § § § | |
| vs. | § § | No. 7:07-CV-113-R |
| LIFE INSURANCE COMPANY OF NORTH AMERICA AND JAMES CONSTRUCTION GROUP, L.L.C GROUP LIFE AND HOSPITALIZATION PLAN NO. 501 | § § § § § | |

## MEMORANDUM AND ORDER

**Defendants' Motion for Protective Order** (doc. #36) was referred to me for hearing, if necessary, and for determination (doc. 42). Having reviewed and considered Defendants' Motion and Brief, Plaintiff's Response and Brief, Defendants' Reply, and Plaintiff's Sur-Reply and having considered the pleadings, arguments and cases submitted by counsel, I find and conclude as follows:

1. This is a civil action brought under the ERISA filed by Plaintiff, Michael Copus, against Life Insurance Company of North America ("LINA") as plan administrator for an employee benefit plan established by James Construction Group, LLC, the plan sponsor. On or about September 21, 2007, Plaintiff submitted to Defendant, LINA, its first set of interrogatories, and first set of requests for production and submitted to James Construction Group, LLC group life and hospitalization plan No. 501, its first set of interrogatories and first requests for production ("discovery requests"). Defendant's Motion claims that Plaintiff's Discovery Requests were beyond the scope of discovery permitted in an ERISA action which is generally limited to the administrative record. Defendants claim that many of the discovery requests are

1

directed towards subject matters that are irrelevant to the issues properly before the Court in the light of the deference that the Court must give to the decision of the administrator in a judicial review of the denial of benefits under the plan. Defendants claim that the discovery requests: (1) are directed toward whether the administrator complied with the regulations and procedures mandated by ERISA; (2) are directed to the extent of the apparent conflict of interest Administrator was operating under; (3) were directed in determining whether outside medical consultants of the administrator were acting under a "conflict of interest"; (4) sought to bring before the Court information outside of the administrative record; (5) sought to obtain administrator's manuals, guidelines and procedures used in evaluating disability claims. Plaintiff answers that the discovery requests: (1) seek only discovery of information that would show that the plan administrator failed to apply the plan provisions consistently with respect to similarly situated claimants; (2) seek only information to show the extent of the administrator's conflict of interest in selecting medical consultants that always opine in favor of denial of benefits; (3) seek only to determine if the administrative record is "complete"; and finally, (4) seek only those manuals, guidelines and procedures used by the administrator that should have been produced (and impliedly were not) as a portion of the administrative process.

While the motion has been pending, the Supreme Court decided the case of *MetLife v. Glenn,* 128 S. Ct. 2343, 2008 U. S. LEXIS 5030 (June 19, 2008). In *Glenn,* the Court expressly found the dual role of the "evaluator/payor" creates a conflict of interest that the reviewing court should consider as "a factor" in determining whether to plan administrator abused its discretion in denying benefits. In discussing the appropriate standard of judicial review of a benefit determination by a plan administrator under ERISA, the Court focused on the fourth of the four

principals of review it set out in *Firestone*.[1] The Court also declined to make a bright line formula for the extent to which the "conflict" should affect the "deference" to be given and declined to make a "special burden-of-proof or other special procedural or evidentiary rule "focused narrowly upon the evaluator/payor conflict." In impliedly rejecting Judge Scalia's dissenting opinion that the "conflict" is irrelevant except when coupled with a showing of "improper motive", the Court left the lower courts wholly without guidance as to the weight to be given or the degree to which the "conflict" may be considered in determining the reasonableness of the Administrator's decision. While the Court did not go so far as to find that the "degree" or "weight" of conflict was a relevant inquiry, the Court did say that certain facts or circumstances could render the conflict "more important(perhaps of great importance)" or "less important (perhaps to the vanishing point)." This implies that evidence before the court reflecting a history of biased claims administration or a history of active steps to reduce potential bias would be relevant and should be considered.

With respect to discovery going outside of the administrative record, decisions of the Supreme Court, the Fifth Circuit and the District Courts in the Northern District of Texas have recognized two standard exceptions: (1) how an administrator has interpreted terms of the plan in other instances; and (2) "evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim." *Vega v. National Life Insurance Services, Inc.* 188 F.3d. 287(5th Circuit, 1999); *Estate of Bratton v. National Union Fire Ins. Co.*, 215 F.3d 516 (5th Cir.2000). *Griffin v. Raytheon Company Long-Term Disability Plan No. 558*, 2005 U.S. Dist. Lexis 18720 (N.D. Tex. Aug. 31, 2005, Judge Fitzwater).

---

[1]Firestone Tire & Rubber Co. v. Bruch, 489 U. S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (19__).

3

In addition to these standard exceptions where a beneficiary alleges that the plan administrator operates under a conflict of interest, discovery outside the administrative record is permitted to enable the beneficiary to develop evidence demonstrating the extent of such conflict. *Albert v. Life Insurance Company of North America*, 205 U.S. App. Lexis 26457 (5th Cir. 2005) *Faykus-Orr v. Liberty Life Assurance Co. of Boston*, 206 U. S. Dist, Lexis 90984 (N. D. Texas, Dec. 18, 2006; *Alexander v. Hartford Life and Accident Co.*, 208 U. S. Dist, Lexis 27210. While permitting a claimant to pursue discovery reasonably calculated to lead evidence regarding the extent of the evaluator/payor conflict, the Courts have cautioned against permitting or enforcing discovery seeking to show a bias or conflict of interest by or of outside consultants. See Judge Fish's decision in *Pylant v. Hartford*, 2006 W.L. 3247314, 2006 U. S. LEXIS 82076 (N.D. Tex. November 9, 2006 ).

Plaintiff says that he wants to obtain evidence that the administrator purposefully selected outside consultants that were biased against claimants and that LINA's way of selecting consultants shows the such degree of conflict as would tilt the deference scale away from the administrator. See *Alexander v. Hartford Life Insurance Company*, 208 U.S. Dist. LEXIS 27210 (N.D. Tex. April, 2008, Judge Kaplan).

A claimant may not seek discovery specifically designed to show that the administrator did not comply with regulations promulgated under ERISA per *Griffin*, supra, but may seek discovery designed to show that the administrator did not comply with the terms of the plan or that the administrator did not interpret the plan consistently.

A claimant may not seek discovery to show to the court evidentiary matters outside of the administrative record and not considered by the administrator, but may seek discovery to show that the administrative record submitted by the administrator was not the complete record.

4

Parsing the Plaintiff's discovery requests among these principles and Court holdings, I make the following findings and orders:

A.   Plaintiff's First Set of Interrogatories.

   1.   Interrogatory No. 3. Plaintiff has the administrative record in hand. Defendant need not marshal its evidence. Defendant need not answer.

   2.   Interrogatory No. 4. Based on the phrasing of other interrogatories Dr. Linda Miller appears to have acted as a record reviewer for LINA. How or what a record reviewer reviewed or prepared a report is irrelevant. Being outside of the record this information is irrelevant. Identifying who knows about this information is more irrelevant. Defendant need not answer.

   3.   Interrogatory No. 5. Defendant either did or did not resolve the issue. The manner of resolution is immaterial. If there is a conflict in the administrative record, it will be manifested therein. Defendant need not answer.

   4.   Interrogatory No. 6. The interrogatory is grammatically incorrect in that it does not grammatically connect LINA's "practice, system or policy" to the information sought in the eight sub-parts. The interrogatory asks about "the manner and terms of engagement of the identified health care practitioners." Whether internal or outside reviewers, the manner and terms of selection, engagement and or retention of such reviewers by LINA could be reflective of institutional bias of LINA in the claim determination process. Though the information sought by this interrogatory is or may be outside of the administrative record, the information is or may lead to admissible evidence of the extent or degree of bias the conflicted evaluator/payor labored under. As such the information is relevant and discoverable. Defendant shall answer Interrogatory No. 6 and its subpart.

5. Interrogatory No. 7. Since Interrogatory No. 6 seeks matters reasonably calculated to show the extent of the bias of the administrator in selecting the consultants, Defendant will answer Interrogatory No.7.

6. Interrogatory No. 8. Actual compliance with the language of regulations promulgated under ERISA is irrelevant per *Griffin*, Defendant need not answer Interrogatory No. 8.

7. Interrogatory No. 9. The information sought by this Interrogatory may be reflective of the very "active steps" taken by LINA "to reduce potential bias and to promote accuracy" that the Supreme Court referenced in its decision in *Glenn*. Defendant shall answer Interrogatory No. 9.

8. Interrogatory No. 10. The extent and degree of bias of a conflicted evaluator/payor may be manifested in its plans, system and policies for compensation to its reviewing personnel. This information is relevant. Defendant shall answer Interrogatory No. 10.

9. Interrogatory No. 11. Since the information sought in Interrogatory No. 10 is relevant, so is the information sought in this Interrogatory. Defendant shall answer Interrogatory No. 11.

10. Interrogatory No. 12. This Interrogatory relates to the composition of the Plaintiff's Claim File. It is unclear whether the "Plaintiff's Claim File" is a portion of the administrative record upon which Defendant LINA based its claim determination. To the extent that the Interrogatory challenges the composition of the administrative record or attempts to inject before the Court any documentary items not included in the administrative record it is irrelevant. Since Production Request No.3 is granted below, the Claim File will be Produced for Plaintiff to compare to the administrative record. Defendant need not answer this Interrogatory.

12. Interrogatory No. 13. As with Interrogatories Nos. 6 and 7, this Interrogatory is directed toward determining if the conflicted evaluator/payor has in place any system (outside of its regular claims manual and/or training) that fosters an anti-claim bias. Defendant shall answer

13. Interrogatory No. 14. This Interrogatory is supplemental to Interrogatory No. 13. Accordingly, Defendant shall answer Interrogatory No. 14.

14. Interrogatory No. 15. Defendant need not prove the negative. Defendant need not answer Interrogatory No. 15.

15. Interrogatory No. 16. This is an issue for the Court, a legal issue not a factual issue. Defendant need not answer Interrogatory No. 16.

16. Interrogatory No. 17. The assignment of untrained, unskilled and/or insufficiently educated, trained or skilled persons to review and evaluate claims may be evidentiary of anti-claim bias. Defendant will answer Interrogatory No. 17.

17. Interrogatory No. 18. This Interrogatory asks for matters outside the administrative record. Defendant need not answer Interrogatory No. 18.

18. Interrogatory No. 19. This Interrogatory asks for matters outside the administrative record. Defendant need not answer Interrogatory No. 19.

19. Interrogatory No. 20. The nature and extent of the ownership and/or control and/or management of the plan administrator as "evaluator and payor" is relevant to the existence (or not) of the conflict that may be considered by the Court in its review of the plan administrator's claim determination. Defendant shall answer Interrogatory No. 20.

20. Interrogatory No. 21. The fact of the employment or engagement of claim reviewers by the plan administrator is relevant to the degree or extent of any anti-claim bias within the plan administrator. Defendant shall answer Interrogatory No. 21.

21. Interrogatory No. 22. Only where the plan administrator has "discretionary authority" does the issue of conflict and/or bias arise. Defendant shall answer Interrogatory No. 22.

B. Plaintiff's First Request for Production to L.I.N.A.

1.	Production Request No. 1. Defendant shall produce.

2.	Production Request No. 2. Defendant shall produce.

3.	Production Request No. 3. Plaintiff's Claim File may or may not be coextensive with or included completely in the administrative record. It may or may not contain documents or matters that were or were not reviewed by the administrator in its determination of Plaintiff's claim. Only by making the comparison can the Plaintiff be sure. Realizing that matters outside of the administrative record cannot be presented to the Court in the review of the plan administrators decision, the decision as to admissibility shall abide later events. Defendant shall produce.

4.	Production Request No. 4. The Court's review of the plan administrator's decision is based upon the matters examined and/or considered by the plan administrator, not the matters examined and/or reviewed by the reviewers. I hold that what and how the reviewers reviewed is irrelevant. To hold otherwise would open the entire claim decisionary process to full court review well beyond the abuse of discretion standard and the deference to be accorded the administrator's decision. This would send us down the slippery slope Scalia warned us about in his dissent in *Glenn*. Defendant need not produce.

5.	Production Request No. 5. Compliance with regulations promulgated under ERISA is not relevant. Defendant need not produce.

6.	Production Request No. 6. As with the rational for requiring answer to Interrogatory No. 10, Defendant shall produce.

7.	Production Request No. 7. As with the rational for requiring answer to Interrogatory No. 6, Defendant shall produce, if it has that information.

8.	Production Request No. 8. As with the rational for requiring answer to Interrogatory No. 17, Defendant shall produce.

No. 17, Defendant shall produce.

    9.     Production Request No. 9. Defendant shall produce.

    10.    Production Request Nos. 10 though 19. The Court's review of the plan administrator's decision is based upon the matters examined and/or considered by the plan administrator, not the matters examined and/or reviewed by the reviewers. I hold that what the reviewers reviewed is irrelevant. To hold otherwise would open the entire claim determination process to full court review beyond the abuse of discretion standard and deference to be accorded the administrator's decision. Such is the slippery slope we were warned for by Scalia in *Glenn*. Defendant need not produce items responsive to Production Requests Nos. 10 through 19

    11.    Production Request Nos. 20 through 23. Terms of the plan documents are relevant. Defendant shall produce items responsive to Production Requests Nos. 20 through 23.

    12.    Production Request No. 24. Defendant need not produce.

C.    First Set of Interrogatories to James Construction Group, et al. Defendant shall answer Interrogatories Nos. 1 and 2.

D.    Plaintiff's First Request for Production to James Construction Group, et al. Defendant shall produce items responsive to Production Request Nos. 1, 2 and 3.

Subject to change by later agreement between the parties, the answers to the interrogatories and the production of documents shall be provided within thirty (30) days of the date of this order

IT IS SO ORDERED this 18th day of July, 2008.

Robert K. Roach
United States Magistrate Judge